IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES H. SIMMONS,                                                                      PLAINTIFF
ADC # 135731

v.                              5:14CV00136-DPM-JJV

ALLEN CHEEK; *et al.*                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Charles H. Simmons ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 37.) He claims that the Defendants violated his constitutional rights when they denied him adequate medical care. (*Id*.). Before the Court is Defendants Allen Cheek and Robbie Fread's[1] Motion for Summary Judgment (Doc. No. 48).[2] For his part, Plaintiff has filed his own Motion for Summary Judgment and Defendants have responded. (Doc. Nos. 52, 54, 55.) The Court notes the Motion claims Plaintiff is entitled to judgment as a matter of law (*Id*. at 2), but the brief in support requests that Defendants' Motion be denied and a bench trial be set to determine the validity of his medical claims. (Doc. No. 53.) So the Court will consider Plaintiff's Motion to be a combined request for summary judgment and response to Defendants' Motion.

### II. BACKGROUND

During his incarceration at the Arkansas County Detention Center, Plaintiff sustained an injury to his right hand. (Doc. No. 1 at 4.) The affidavit of Defendant Fread indicates that Plaintiff's

---

[1] The docket currently lists Defendant Fread's last name as "Fred." The Clerk of Court shall alter it to reflect the proper spelling.

[2] The third Defendant to this action, Teresa Lindsey, previously filed a Motion to Dismiss. (Doc. No. 42). On December 9, 2014, the Court recommended granting that Motion (Doc. No. 47) and that Recommendation was adopted on January 6, 2015. (Doc. No. 56).

injury was to his right middle finger. (Doc. No. 49-1 ¶ 7.) Plaintiff claims he was referred to a medical specialist for his injury by Ralph Maxwell, M.D., but Defendants refused to honor this referral. (Doc. No. 1 at 4.)

Defendants counter that, between August 27, 2013 and October 28, 2013, Plaintiff was twice taken to a physician for complaints about his finger injury. (Doc. No. 49-1 ¶¶ 6-7.) On September 30, 2013, he was seen by Kerri Mitchell, M.D., and prescribed naproxen and a finger splint. (Doc. No. 49-2 at 1-2.) On October 8, 2013, Plaintiff saw Dr. Maxwell and x-rays (Doc. Nos. 49-3, 49-4) revealed no fracture or other injury. (Doc. No. 49-4.)

After October 28, 2013, Plaintiff began a pattern of release and re-incarceration which culminated in permanent incarceration on December 31, 2013. On that date he was sentenced to incarceration at the Arkansas Department of Correction ("ADC"). (Doc. No. 49-1 ¶¶ 6, 10-12.) As an inmate of the ADC, all subsequent medical procedures and physician appointments were subject to ADC approval. (*Id*. ¶ 12.)

Plaintiff had a second appointment with Dr. Maxwell on January 27, 2014. (Doc. No. 49-5). He again complained of finger pain, but Dr. Maxwell noted his x-rays had been evaluated by orthopedics and were normal. (*Id*.). Dr. Maxwell's report also stated that Plaintiff "is referred to orthopedics." (*Id*.) Defendants contend that this line refers to the earlier examination of Plaintiff's x-rays by orthopedics, and not any future referral to a specialist. (Doc. No. 50 ¶ 25.)

On January 31, 2014, Plaintiff filed two grievances asking to visit a specialist for his finger. (Doc. No. 49-7). In those grievances, Plaintiff asked if his family could schedule the visit with a specialist. (*Id*.). Defendant Fread responded that the County would not pay for such a visit, but agreed that Plaintiff's family was permitted to schedule such an appointment. (*Id*.) It is unclear whether Plaintiff's family made such attempts, but his complaints were not resolved.

Plaintiff submitted two more grievances on this issue in February 2014. (Doc. Nos. 49-8, 49-9.) Defendant Fread's response to the second grievance noted that he had contacted the ADC about Plaintiff's issue and was awaiting their approval. (Doc. No. 49-9.) Plaintiff again saw Dr. Maxwell on March 5, 2014, and the record notes he did not present any medical complaints at that time. (Doc. No. 49-10). More grievances on Plaintiff's finger followed in March and April. (Doc. Nos. 49-11, 49-13, 49-14.) Defendant Fread submitted a second request to the ADC on Plaintiff's medical issues (Doc. Nos. 49-12) and was told that a physician's recommendation was required to see a specialist. (Doc. No. 49-15.)

Plaintiff was taken into ADC custody on April 25, 2014 (Doc. No. 49-1 ¶ 15), prior to approval of the County's medical request forms. After that, Plaintiff's medical care was handled exclusively by the ADC.

### III. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a

reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.   ANALYSIS

Pursuant to their Motion for Summary Judgment, Defendants advance three arguments. They are: (1) that any official capacity claims should be dismissed as barred by sovereign immunity; (2) Plaintiff's claims against Cheek fail to state a claim upon which relief can be granted; and (3) neither Defendant exhibited deliberate indifference to Plaintiff's medical needs.  The Court will address each argument in turn and weigh, where appropriate, Plaintiff's response. Lastly, the Court will examine Plaintiff's Motion for Summary Judgment.

### A.   Official Capacity Claims

An official capacity claim against a state or municipal official is akin to a claim against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Here, both Defendants are employees of Arkansas County and Plaintiff's official capacity claims lie against the County itself.  In order to sue a municipal entity under section 1983, however, a plaintiff must demonstrate that his injury was caused by some municipal policy or custom. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978). This is true even where a plaintiff sues a municipal entity for prospective relief. *L.A. County v. Humphries*, 131 S. Ct. 447, 451 (2010).

Plaintiff has failed to allege that his injury stems from any policy or custom, official or otherwise, of Arkansas County. Plaintiff has also declined to address this issue in his Response. Absent allegations or evidence that his alleged injury stemmed from a county policy, Plaintiff's official capacity claims are appropriate for dismissal.

### B.  Claims Against Defendant Cheek

Defendants argue Plaintiff has failed to allege that Cheek personally engaged in any constitutional misconduct.  The Court agrees.  The theory of *respondeat superior* is not available in section 1983 actions.  *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).  Accordingly, Cheek cannot be held liable based solely on his position as Arkansas County Sheriff.

Plaintiff admits he never spoke with Cheek about his medical issues. (Doc. No. 49-19 at 4). Plaintiff has also failed to specify, either through his Complaint or his Response, what involvement Cheek had in his medical care.  Instead, his lone allegation against Cheek is that he knew of Plaintiff's "serious medical need" but declined to secure him the necessary treatment. (Doc. No. 53 at 2.) Absent greater detail, this is insufficient to state a cognizable claim.  Plaintiff does not explain how Cheek knew about his medical issues, nor does he specify which actions Cheek took or failed to take that led to an actual injury.  As Defendants point out, it was Fread alone who was tasked with responding to Plaintiff's medical grievances and coordinating care with the ADC.  The Court concludes that Cheek is entitled to dismissal on this basis.

### C.  Deliberate Indifference

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain").  A successful claim of deliberate indifference requires a showing that the

defendant official actually knew of but deliberately disregarded an inmate's serious medical need. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). This showing requires a mental state "akin to criminal recklessness." *Id*.

Nothing in the record before the Court evidences the kind of recklessness which would substantiate a claim for deliberate indifference. Instead, the evidence submitted by Defendants indicates that Plaintiff, during his incarceration at the Arkansas County Detention Center, was afforded multiple physician visits. X-rays were taken and no problems with Plaintiff's finger were detected. It may be, as Plaintiff alleges, that he continued to suffer pain in the digit even after he tested negative for serious injury. That pain is unfortunate, and perhaps an appointment with a specialist would have ameliorated the pain. But it appears that Defendant Fread tried to secure approval for a specialist appointment from the ADC, and, as noted above, Plaintiff was transferred to ADC before approval was granted.

Given these facts, the Court cannot conclude that the failure to provide a specialist appointment approaches constitutional deliberate indifference. Based on the foregoing, the Court finds it appropriate to dismiss Plaintiff's deliberate indifference claims against both Defendants.

   **D.   Plaintiff's Motion for Summary Judgment**

Given that the Court recommends Defendants' Motion for Summary Judgment be granted, it must also recommend that Plaintiff's Motion for Summary Judgment be denied. Plaintiff has not provided any argument or evidence which would either support his claims or entitle him to judgment as a matter of law. While his brief offers the proper legal standard for weighing deliberate indifference, it fails to convincingly apply that standard to alleged actions of the Defendants in this case.

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Clerk of Court alter the docket to reflect that Defendant "Robbie Fred" is appropriately "Robbie Fread";

2. Defendants' Motion for Summary Judgment (Doc. No. 48) be GRANTED;

3. Plaintiff's claims against Defendants Allen Cheek and Robbie Fread be DISMISSED with prejudice;

4. Plaintiff's Motion for Summary Judgment (Doc. No. 52) be DENIED;

5. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 9th day of January, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE